IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Christopher Leonard and Bonnie Leonard, | ) ) ) | FILED: JUNE 16, 2008<br>08CV3442<br>JUDGE MANNING |
| Plaintiffs, | ) | MAGISTRATE JUDGE BROWN |
| v. | ) ) | YM |
| Asset Acceptance, LLC, | ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiffs Christopher and Bonnie Leonard bring this action against Defendant Asset Acceptance, LLC for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA") .

## PARTIES

1. Plaintiff Christopher Leonard is a citizen of the State of Illinois residing in the Northern District of Illinois from whom Defendant tried to collect a consumer debt.

2. Plaintiff Bonnie Leonard is a citizen of the State of Illinois residing in the Northern District of Illinois. Bonnie Leonard is Christopher Leonard's spouse.

3. Defendant Asset Acceptance, LLC is a debt collector under § 1692a(6) of the FDCPA because it regularly collects debts owed or due, or asserted to be owed or due, to others.

## JURISDICTION AND VENUE

4. The court has jurisdiction under the FDCPA.

5. Venue is proper in this District because the acts and transactions occurred

here, Plaintiff resides here, and Defendants transact business here.

## FACT ALLEGATIONS

6. On February 15, 2007, Asset Acceptance sent a collection letter to Christopher Leonard stating that he owed it $873. This allegation of debt was false because Mr. Leonard paid it on July 3, 1996 with a cashier's check.

7. On March 7, 2007 Mr. Leonard responded to Asset Acceptance by sending a letter to Asset Acceptance disputing the validity of the debt. See Exhibit A.

8. Asset Acceptance did not respond to Mr. Leonard's dispute letter or send him validation of the debt.

9. In October 2007, a collector from Asset Acceptance continued its attempt to collect the alleged debt by leaving several messages at Bonnie Leonard's place of employment.

10. Mrs. Leonard called Asset Acceptance back and stated to a collector named Travis Taylor that Asset Acceptance never sent validation of the alleged debt.

11. Mr. Taylor told Mrs. Leonard that her husband should settle the debt for 80% of its value and pay with a check over the phone.

12. Mrs. Leonard told the collector that the debt was paid in 1996 so her husband would not settle the alleged debt.

13. Mr. Taylor responded that if the debt was not paid within 30 days, Asset Acceptance would take legal action against Mr. Leonard.

14. Mrs. Leonard told Taylor that Asset Acceptance should not call her anymore at work and that her husband would call Asset Acceptance back later.

15. Later that day, Mr. Leonard called Asset Acceptance and spoke with Doug Campbell. Mr. Campbell threatened to sue Mr. Leonard if he did not pay the alleged debt within 30 days.

16. Mr. Leonard again disputed the debt stating that it was paid in 1996. Mr. Leonard also stated that he never received validation of the debt.

17. On October 19, 2007, Asset Acceptance sent Mr. Leonard a false "Debt Validation" which showed a greater amount than what Asset Acceptance stated in its initial collection letter.

18. On November 11, 2007, Asset Acceptance called Mrs. Leonard at least three times at her work at the same number that she asked not to be contacted at.

19. Mrs. Leonard spoke with Antoine Knight at Asset Acceptance to tell him that she previously requested that Asset Acceptance not contact her at work and again demanded that Asset Acceptance not call her at work about her husband's alleged debt.

20. Mr. Knight responded by calling Mrs. Leonard a "stupid female", stating that Asset Acceptance could call whoever they want when trying to collect a debt.

21. Christopher and Bonnie Leonard suffered emotional distress as a result of Defendant's continued harassment of them for a nonexistent debt. Defendant's conduct was willful and in wanton disregard for the rights of Mr. and Mrs. Leonard.

22. Asset Acceptance pulled Christopher Leonard's credit report numerous times even after it received proof of payment on the alleged debt from Christopher Leonard.

## COUNT I
## Violation of § 1692g of the FDCPA

23. Plaintiffs reallege the allegations above.

24. Under § 1692g of the FDCPA:

> **Disputed debts**. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

See 15 U.S.C. 1692g(b).

25. Mr. Leonard notified Asset Acceptance in writing that he disputed the alleged debt.

26. Asset Acceptance did not respond to Mr. Leonard's dispute letter. Instead, it continued its attempts to collect the alleged debt from Mr. Leonard and his wife.

27. Defendant's violation of § 1692g of the FDCPA renders it liable to Plaintiffs for damages, costs and attorneys' fees. See 15 U.S.C. § 1692k.

## COUNT II
## Violation of § 1692d of the FDCPA

28. Plaintiffs realleges the allegations above.

29. Under § 1692d of the FDCPA:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

>collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
>. . . The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

30. In October 2007, Asset Acceptance harassed Mrs. Leonard at her place of employment by calling multiple times regarding her husband's alleged debt. She told Asset Acceptance that her husband disputed the debt in writing and that Asset Acceptance never sent validation of the debt.

31. Mrs. Leonard asked Asset Acceptance to not call her again at work.

32. On November 11, 2007, Asset Acceptance harassed Mrs. Leonard again at work, threatening to sue her husband. Mrs. Leonard told the collector that she asked that Asset Acceptance not call her at work and that her husband disputed the debt in writing with no validation.

33. The collector Antoine Knight responded that Asset Acceptance could call whoever it wanted to collect a debt and told Mrs. Leonard that she was a "stupid female".

34. Defendant's violation of § 1692d of the FDCPA renders it liable to Plaintiff for damages, costs and attorneys' fees. See 15 U.S.C. § 1692k.

## COUNT III
## Violation of § 1692e and § 1692(f) of the FDCPA

35. The FDCPA prohibits a debt collector from making any representation in connection with the collection of a debt, which the debt collector knows or should know to be false, including the false representation of the character, amount or legal status of

a debt.  See 15 U.S.C. § 1692e.

36. Asset Acceptance violated § 1692 e and f by falsely representing the character, amount and legal status of the alleged debt to Mr. and Mrs. Leonard.  The debt was nonexistent because it was paid in full in 1996.

37. Asset Acceptance falsely represented on multiple occasions its threat to take legal action against Mr. Leonard when no such action could legally be taken.

38. The FDCPA also prohibits a debt collector from engaging in an unfair practice to collect a debt, including the collection of money that is not owed.  See 15 U.S.C. § 1692f(1).

39. Defendant violated § 1692f(1) of the FDCPA by attempting to collect an amount from Plaintiff Christopher Leonard that is not owed to Asset Acceptance.

40. Defendant also violated § 1692f(1) of the FDCPA by harassing Mr. Leonard's wife at her place of employment after repeated requests by her for Asset Acceptance to not call her at work.

41. Defendant's violations of § 1692e and f of the FDCPA renders it liable to Plaintiffs for damages, costs and attorneys' fees.  See 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs ask the court to:

(i) Enter judgment in favor of Plaintiffs, and against Defendant, for actual damages, statutory damages, punitive damages, costs and attorneys' fees;

(ii) Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims.

                                                                    Christopher Leonard and
                                                                    Bonnie Leonard,

                                                                    /s Tony Kim
                                                                    One of Plaintiffs' Attorneys

Dated: June 16, 2008

James Shedden
Tony Kim
Katherine Hathaway
**SCHAD, DIAMOND & SHEDDEN, P.C.**
332 South Michigan Avenue
Suite 1000
Chicago, Illinois 60604
Tel: (312) 939-6280
Fax: (312) 939-4661

*Attorneys for Plaintiffs*

```
08CV3442
JUDGE MANNING
MAGISTRATE JUDGE BROWN
YM
```

March 7, 2007

RE: Hurley State bank Tandy/ Mcduff
Account # 2356761
Alleged Balance Due $873.00

Christopher S. Leonard
103 N. Elm Street
Mount Prospect, IL
60056-3203

To whom it may Concern:
This letter is to notify Asset Acceptance that I dispute the validity of this alleged debt and all portions thereof.

*Christopher Leonard*

**EXHIBIT A**

Postal Service Delivery Confirmation Receipt

Postage and Delivery Confirmation fees must be paid before mailing

Article Sent To: (to be completed by mailer)

Asset Acceptance LLC
PO Box 2036
Warren, MI 48090-2034

DELIVERY CONFIRMATION NUMBER: 0304 3490 0002 4328 4758

Postmark Here — MT. PROSPECT IL 60056 — MAR 9 — USPS

**POSTAL CUSTOMER:**
Keep this receipt. For Inquiries
Access internet web site at
www.usps.com
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☒ Priority Mail Service
☐ First-Class Mail parcel
☐ Package Services parcel

PS Form 152, May 2002 (See Reverse)

| | |
|---|---|
| Delivery Confirmation | $0.50 |
| Label #: | 03043490000243284758 |
| Issue PVI: | $4.55 |
| Total: | $4.55 |
| Paid by: | |
| Cash | $20.55 |
| Change Due: | -$16.00 |

Bill#:1000600161821
Clerk:07

Copyright © 1999-2004 USPS. All Rights...
Contact us    government serv...

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

---

Track & Confirm by email
Get current event information or updates for your item sent to you or others by email.

Label/Receipt Number: 0304 3490 0002 4328 4758
Status: Delivered

Your item was delivered at 4:33 AM on March 12, 2007 in WARREN, MI 48090.

Enter Label/Receipt Number.

Track & Confirm

UNITED STATES POSTAL SERVICE

Home | Help | Sign In
Track & Confirm    FAQs